UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>DOUGLAS BLOUIN,<br><br>            Defendant. | CR16-307 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant Douglas Blouin's motion for compassionate release, docket no. 129. Having reviewed all papers filed in support of,[1] and in opposition to, the motion, the Court enters the following order.

**Background**

Defendant pleaded guilty to possession of child pornography and was sentenced on November 9, 2017, to 120 months in the custody of the United States Bureau of Prisons ("BOP"). *See* Judgment (docket no. 117). Defendant is currently incarcerated at

---

[1] After the Government filed its response, defendant asked for permission to file a supplemental exhibit in support of his request for compassionate release. Defendant's motion for leave to submit another exhibit, docket no. 138, is GRANTED, and the Court has considered Exhibit L, docket no. 138-1, which is a report by Michael Rowe, M.D.

ORDER - 1

Federal Correctional Institution ("FCI") Terminal Island in California and has a projected release date of May 4, 2025. He seeks immediate release on the ground that his age (54) and medical conditions (hypertension and asthma) increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19").

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances. <u>See</u> 18 U.S.C. § 3582(b); <u>see also</u> <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). Prior to 2018, a modification for reasons other than a post-conviction lowering of the applicable sentencing range could be made only upon a motion brought by the Director of BOP. <u>See</u> <u>United States v. Rodriguez</u>, --- F. Supp. 3d ---, 2020 WL 1627331 at *2 (E.D. Penn. Apr. 1, 2020). Congress has since enacted the First Step Act of 2018, which permits a defendant, after exhausting administrative remedies,[2] to directly request a reduction in the term of incarceration. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The First Step Act did not, however, amend the two statutorily-enumerated grounds for compassionate release, namely (i) the existence of "extraordinary and compelling reasons" supporting a reduction; or (ii) the satisfaction of certain criteria for a defendant sentenced to life imprisonment under 18 U.S.C. § 3559(c). <u>See id.</u> at § 3582(c)(1)(A)(i) & (ii). The second basis for relief does not apply in this case, and thus, defendant

---

[2] The exhaustion requirement is satisfied on the earlier of (i) the resolution of an administrative appeal concerning BOP's failure to bring a motion for early release on a defendant's behalf, or (ii) the lapse of thirty (30) days after the warden of the facility at which the defendant is in custody receives a request to make such motion. 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant in this matter has met the prerequisite of exhaustion.

ORDER - 2

Douglas Blouin bears the burden of establishing that "extraordinary and compelling reasons" justify a decrease in the term of his imprisonment.  <u>See</u> <u>Riley v. United States</u>, 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020).  In addition, any compassionate release must be consistent with (i) the sentencing factors set forth in 18 U.S.C. § 3553(a), and (ii) the applicable policy statement issued by the United States Sentencing Commission ("Commission").  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

The Commission's relevant policy statement indicates that a defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g), which governs the release or detention of an accused pending trial.  USSG § 1B1.13(2). Sections 3142(g) and 3553(a) have substantial overlap, both indicating that the Court should take into account (i) the nature and circumstances of the charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the community that would be associated with the defendant's release.  <u>See</u> 18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C).  Having considered these factors, the Court is persuaded that, even if defendant could demonstrate "extraordinary and compelling reasons" to support his motion, he has not made the requisite showing that his immediate release would not pose a risk to public safety.

Defendant was convicted in state court in 1998, at the age of 31, on two counts of child molestation in the first degree.  Revised Presentence Investigation Report at ¶ 31 (docket no. 107).  He received a sentence of 142 days in custody and 89 months suspended, but he failed to comply with the conditions of supervision, and his probation

ORDER - 3

was revoked. *Id.* Defendant served the remainder of his 89-month term of imprisonment and was released from custody in 2004. *Id.* He was on supervision until December 2006. *Id.* In 2010, defendant suffered a job-related injury and has been unemployed since then. *See id.* at ¶¶ 47 & 63. By 2014, defendant had turned to daily marijuana use and viewing of child pornography. *Id.* at ¶ 47. Defendant's downloading of child pornography via a peer-to-peer file-sharing program attracted the attention of the Department of Homeland Security in 2016, and during the ensuing investigation, defendant indicated that he regularly used "scrubbing" software to wipe his computer hard drive. *Id.* at ¶¶ 6-7. Agents discovered multiple electronic devices at defendant's residence, all of which had recently been wiped, except for one pornographic image of a male between the ages of 10 and 12. *Id.* at ¶ 8.

Given defendant's previous inability to comply with the conditions of supervision despite the significant period of incarceration he otherwise faced, and his earlier efforts to evade detection, defendant's assertion that he now presents no danger to the community rings hollow. Defendant's crime requires nothing more than access to the Internet, and defendant's plan of release to a residential reentry center does little to satisfy the Court that defendant will not revert to the same criminal conduct or worse. *See United States v. Sims*, 2020 WL 2838611 (W.D. Wash. June 1, 2020); *see also United States v. Ramey*, 2020 WL 4226543 (W.D. Wash. July 23, 2020). The Court is particularly concerned about defendant's potential for reoffending in light of the difficulties in monitoring his behavior that result from social distancing and other protocols designed to avoid transmission of the coronavirus that causes COVID-19.

ORDER - 4

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for compassionate release, docket no. 129, is DENIED;

(2) Defendant's motion for leave to file a supplemental exhibit, docket no. 138, is GRANTED; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of September, 2020.

Thomas S. Zilly
United States District Judge

ORDER - 5